UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMERITOX, LTD.,

    Plaintiff,

v.                                              Lead Case No.: 8:11-cv-775-T-24-TBM
                                   Consolidated Case No.: 8:12-cv-219-T-24-MAP

MILLENNIUM LABORATORIES, INC.,

    Defendant.
_____/

## ORDER

This cause comes before the Court on Plaintiff Ameritox, Ltd.'s ("Ameritox") Motion to Consolidate (Doc. No. 82). Defendant Millennium Laboratories, Inc. ("Millennium") filed a Response in Opposition (Doc. No. 87). For the following reasons, the Court grants Ameritox's Motion to Consolidate.

On April 8, 2011, Ameritox sued Millennium in this Court ("First Case"), alleging violations of the Lanham Act, 15 U.S.C. § 1125(a) *et seq.*, violations of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.*, and common law unfair competition, in relation to Millennium's urine drug testing and medication monitoring business. (Doc. No. 1 in case 11-cv-775). Ameritox amended its complaint once. Millennium sought partial dismissal of that amended complaint, and on January 6, 2012, the Court dismissed Counts I and IV of the amended complaint without prejudice. (Doc. No. 62 in case 11-cv-775). Ameritox filed its second amended complaint on January 23, 2012, and Millennium has moved to strike portions of that second amended complaint and to dismiss Counts I and IV. (Doc. Nos. 66, 76 in case 11-cv-775).

Meanwhile, on April 22, 2011 — two weeks after the First Case was filed — Ameritox sued Millennium in the Southern District of California ("Second Case"), alleging violations of the Lanham Act, 15 U.S.C. § 1125(a) *et seq.*, a violation of California's Unfair Competition Law, and common law unfair competition, also in relation to Millennium's urine drug testing and medication monitoring business. (Doc. No. 1 in case 12-cv-219). Millennium moved for change of venue to this Court on May 31, 2011 (Doc. No. 5 in case 12-cv-219), but Ameritox opposed that motion (Doc. No. 9 in case 12-cv-219). Ameritox amended its complaint once, and Millennium sought dismissal of that amended complaint on August 25, 2011. (Doc. No. 18 in case 12-cv-219). On January 19, 2012, Ameritox withdrew its opposition to Millennium's motion to change venue. (Doc. No. 25 in case 12-cv-219). The Southern District of California transferred the case to this Court on February 2, 2012, and denied Millennium's motion to dismiss without prejudice. (Doc. No. 26 in case 12-cv-219).

On March 7, 2012, Ameritox filed the instant motion to consolidate the First Case and the Second Case. (Doc. No. 82 in case 11-cv-775). A number of other motions are currently pending before the Court in these cases, including: Millennium's Motion to Strike Portions of Ameritox's Second Amended Complaint and to Dismiss Counts I and IV of the Second Amended Complaint in the First Case (Doc. No. 76 in case 11-cv-775); Millennium's Renewed Motion to Dismiss in the Second Case (Doc. No. 36 in case 12-cv-219); and Ameritox's Motion for Leave to Amend in the Second Case (Doc. No. 39 in case 12-cv-219).

A court may consolidate actions before it if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). "A district court's decision under Rule 42(a) is purely discretionary." *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)

(quoting *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1013 (5th Cir. 1977)). Furthermore, the Eleventh Circuit has "encouraged trial judges to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion." *Id.* (internal quotation marks omitted).

The Court has reviewed the pleadings in both cases and has concluded that there is significant factual and legal overlap. Consolidation will eliminate the risk of inconsistent adjudication of common factual and legal issues, help eliminate unnecessary repetition, and lessen the burden on available judicial resources. Accordingly, it is ORDERED AND ADJUDGED that:

(1) Ameritox's Motion to Consolidate (Doc. No. 82 in case 11-cv-775) is **GRANTED**.

(2) Case number 8:12-cv-219-T-24-MAP is hereby consolidated with Case number 8:11-cv-775-T-24-TBM.

(3) Case number 8:11-cv-775-T-24-TBM will be the lead case number, and all further pleadings are to be filed therein.

(4) The Clerk is directed to **ADMINISTRATIVELY CLOSE** case number 8:12-cv-219-T-24-MAP.

(5) The following pending motions are **DENIED without prejudice**:

- Millennium's Motion to Strike Portions of Ameritox's Second Amended Complaint and to Dismiss Counts I and IV of the Second Amended Complaint (Doc. No. 76 in case 11-cv-775);

- Millennium's Renewed Motion to Dismiss (Doc. No. 36 in case 12-cv-219); and

- Ameritox's Motion for Leave to Amend (Doc. No. 39 in case 12-cv-219).

(6) By **April 9, 2012**, Ameritox is directed to file one final amended complaint, which includes all counts and allegations it intends to raise in this matter. **The Court will not permit further amendments without good cause**.

(7) Millennium's response to Ameritox's final amended complaint will be due 21 days after service.

DONE AND ORDERED at Tampa, Florida, this 28th day of March, 2012.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record